30 F.3d 133
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Herbert LARSON, Plaintiff-Appellant,
v.
SOUTHEASTERN REPEATER ASSOCIATION, INC.; Dave Shiplett;
Johnny Wofford, Defendants-Appellees.
 No. 93-5924.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1994.
 
 1
 Before: MILBURN and NELSON, Circuit Judges; and COOK, Chief District Judge.*
 
 ORDER
 
 2
 James Herbert Larson appeals pro se from a district court judgment dismissing his complaint filed under the federal regulations governing amateur radio operations, 47 C.F.R. Part 97. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Larson originally filed this action in state court seeking only injunctive relief. He alleged that he is recognized as an amateur radio frequency coordinator in western Tennessee and that "irreparable harmful interference, as defined in 47 C.F.R. Sec. 97.3(a)(21)," will occur if the defendants are also allowed to perform frequency coordinating services in that area. Larson's case was removed to federal court, where it was dismissed pursuant to Fed.R.Civ.P. 12(b)(6), on May 28, 1993. It is from this judgment that Larson now appeals.
 
 
 4
 In reviewing the dismissal of a case under Rule 12(b)(6), we construe the complaint in the light most favorable to the plaintiff, accept all of his factual allegations as true, and determine whether he undoubtedly can prove no set of facts in support of his claim that would entitle him to relief. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990). A de novo review of the record shows that the dismissal of Larson's case was proper under this standard as the applicable federal regulations do not afford him a basis for relief.
 
 
 5
 An amateur radio frequency coordinator is "[a]n entity, recognized in a local or regional area by amateur operators whose stations are eligible to be auxiliary or repeater stations, that recommends transmit/receive channels and associated operating and technical parameters for such stations in order to avoid or minimize potential interference." 47 C.F.R. Sec. 97.3(a)(20). Larson argues that the defendants' organization was not properly recognized as a frequency coordinator in western Tennessee. However, a specific procedure for recognizing frequency coordinators is neither described nor mandated by the regulations. Moreover, Larson now concedes that more than one entity can provide frequency coordinating services in the same area. Therefore, the district court properly determined that Larson had not raised a cognizable claim under the applicable regulations. In addition, Larson did not allege any actual injury as a result of the defendants' actions.
 
 
 6
 Larson now argues that he was denied his constitutional right to a trial under 42 U.S.C. Sec. 1983 and that the defendants' attorney committed an ethical violation by representing them after discussing the case with him. However, Larson did not raise these claims in the district court, and they will not be considered for the first time on appeal. See Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-45 (6th Cir.1991).
 
 
 7
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Julian A. Cook, Jr., Chief U.S. District Judge for the Eastern District of Michigan, sitting by designation